GRACE EDNA BRODERICK V. CHARLES BRODERICK.

No. 13,753.   (77 Pac. 534.)

SYLLABUS BY THE COURT.

LIFE INSURANCE— *Change of Beneficiary — No Fraud Shown.*
Where, in an action by the brother of the assured, as beneficiary,
to recover upon a certificate issued by a fraternal order, the minor
daughter of the assured, as a defendant, claims the proceeds of
the certificate, charging that plaintiff by fraud induced the as-
sured, when enfeebled of body by disease and weakened of mind
from the excessive use of opiates, to change the beneficiary in the
certificate from defendant to plaintiff, it is not error to sustain a
demurrer to the evidence where there was no testimony tending to
show fraudulent inducements, but merely an inference that it
was unnatural and improbable that the father would, without
fraudulent inducements, have changed the beneficiary from his
infant daughter to his grown brother. Such inference alone is
not evidence of fraudulent inducements.

Error from Lyon district court; DENNIS MADDEN,
judge.   Opinion filed July 7, 1904.   Affirmed.

*J. Harvey Frith,* and *I. V. McMillan,* for plaintiff in
error.

*Buck & Spencer,* for defendant in error.

The opinion of the court was delivered by

ATKINSON, J.:  George Broderick died intestate at
Maryville, Mo., on the 13th day of April, 1902, leav-
ing his minor daughter, Grace Edna Broderick, his
only heir.   At the time of his death he was the holder
of a beneficiary certificate issued by the Ancient Order
of United Workmen of Kansas for $2000, in which
his brother, Charles Broderick, was named as bene-
ficiary.   The order refused to pay the amount of the
certificate to the beneficiary, for the reason that the
guardian of the minor child of deceased made claim
thereto.   Charles Broderick, as beneficiary, then com-

menced an action against the order to recover upon the certificate, and made the minor, Grace Edna Broderick, a party defendant. It was averred in plaintiff's petition that the minor claimed some interest in the certificate, the nature of which was to plaintiff unknown, and it was asked that the claim of the minor be adjudged null and void. By stipulation of the parties to the action, the $2000 in controversy was paid into court and the order discharged from further liability.

The minor, through her guardian *ad litem*, answered, in substance, that she was the sole surviving heir of George Broderick, deceased; that the certificate in issue first named her as beneficiary; that, at a time when the body of the assured was enfeebled by disease and his mind weakened by the excessive use of opiates, plaintiff fraudulently procured him to change the beneficiary, and caused plaintiff to be named as beneficiary therein in place of her. It was also averred that, among other inducing causes, was the representation on the part of plaintiff to the assured that the proceeds of the certificate, if he were made beneficiary therein, should be by him applied and used for her care and education; that, in fact, plaintiff never so intended, but did intend to appropriate the same to his own use; that for the reasons stated the certificate was null and void; that she was entitled to the money paid into court. The court placed the burden of proof upon the defendant, and when she had rested her case it sustained a demurrer to her evidence. For this ruling error is assigned.

There was evidence that at the time of the change of beneficiaries George Broderick was an invalid and continued such to the time of his death; that his mind was weakened from the excessive use of opiates;

but there was no competent evidence tending to show any inducements fraudulently made by plaintiff to the assured, which induced him to change the beneficiary. There was also evidence that at the time the change was made George Broderick was not physically able to provide for himself and daughter and was without means to pay the dues and assessments necessary to continue the certificate in force; that he and his daughter were provided with a home by his brother, Charles Broderick; that within a short time prior to his death the attention of George Broderick was directed by relatives and friends to the matter of causing his daughter again to be made beneficiary in the certificate, and he expressed himself as satisfied with the situation as it then was. All of this evidence tended to weaken and discredit the position of defendant.

It is urged that it was unnatural, and for that reason improbable, that the father would, without the fraudulent inducements alleged to have been made, have changed the beneficiary from his infant child to his grown brother; that the inference arising therefrom was sufficient evidence to go to the jury upon the question that fraudulent inducements had been made by plaintiff to the assured. This inference, of itself, was not sufficient to go to the jury for consideration without some evidence tending to prove the averments of defendant's answer that fraudulent inducements had been made.

There having been no competent evidence tending to establish fraudulent inducements as averred in defendant's answer, there was no error in the court's sustaining the demurrer, and the judgment will be affirmed.

All the Justices concurring.